## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

GLORIA LEWIS,

      Plaintiff,

                                  CASE NO. 3:14-CV-658-J-39JBT

v.

DELTA OUTSOURCE
GROUP, INC.

      Defendant.

_____/

FILED
6/6/14
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

### PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW the Plaintiff, GLORIA LEWIS ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, DELTA OUTSOURCE GROUP, INC. ("Defendant"), alleges and affirmatively state as follows:

### INTRODUCTION

1.      Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2.      Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.      Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

5.      Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

6.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7.      Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in Lake St. Louis, Missouri.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.     Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     Defendant constantly and consistently places telephone calls to plaintiff in an attempt to collect an alleged debt.

12.     Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 347-776-26XX

13.     Defendant places telephone calls from numbers including, but not limited to, 503-457-1197

14.     Per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

15.    On or around February 5, 2014, Plaintiff spoke to Defendant's representative and requested that Defendant cease placing calls to her cellular telephone.

16.    Plaintiff revoked any consent, express or implied, to receive automated telephone calls from Defendant on his cellular telephone in the course of the telephone call on or around February 5, 2014.

17.    Despite Plaintiff's request to cease, Defendant continued to automated telephone calls to Plaintiff on the following dates:

- February 7, 2014: two (2) calls;
- February 8, 2014: one (1) call;
- February 10, 2014: one (1) call;
- February 11, 2014: five (5) calls;
- February 12, 2014: one (1) call;
- February 13, 2014: one (1) call;
- February 14, 2014: two (2) calls;
- February 17, 2014: two (2) calls;
- March 11, 2014: one (1) call;
- March 12, 2014: one (1) call;

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

    b.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring

repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

20. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

21. Any other relief that this court deems to be just and proper.

### COUNT II
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

23. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

25. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

26. All court costs, witness fees and other fees incurred; and

27.     Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:

    Shireen Hormozdi
    Krohn & Moss, Ltd
    10474 Santa Monica Blvd., Suite 405
    Los Angeles, CA 90025
    Phone:  (323) 988-2400 ext. 267
    Fax:    (866) 861-1390
    Attorney for Plaintiff
    FBN: 0882461